**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

VICKY WESLEY,

               Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

               Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.     Venue is proper in this Judicial District.

4.     The acts and transactions alleged herein occurred in this Judicial District.

5.     The Plaintiff resides in this Judicial District.

6.     The Defendant transacts business in this Judicial District.

### PARTIES

7.     Plaintiff Vicky Wesley is a natural person.

8.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant Stellar Recovery, Inc. is a Florida corporation operating from an address at 1327 Highway 2 West, Suite 100, Kalispell, Montana, 59901.

12.   The Defendant's registered agent in the state of Colorado is Business Filings Incorporated, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.    Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Comcast (hereinafter the "Account").

19.    The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    The Account went into default with Comcast.

21.    After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.    The Account was placed or otherwise transferred to the Defendant for collection.

23.    The Plaintiff disputes the Account.

24.    The Plaintiff requests that the Defendant cease all further communication on the Account.

25.    The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.    The Defendant acted at all times mentioned herein through its employee(s).

27.    In January 2012 the Defendant called the Plaintiff while attempting to collect the Account.

28. On January 23, 2012 the Plaintiff called the Defendant in response to the Defendant's telephone call(s).

29. On January 23, 2012 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its female employee.

30. During the telephone call / conversation on January 23, 2012 between the Defendant and the Plaintiff the Defendant via its employee located the Account using the Plaintiff's name, phone number and the last four of the Plaintiff's Social Security Number and represented to the Plaintiff that the Defendant had the Plaintiff's Comcast account for $549.59.

31. During the telephone call / conversation on January 23, 2012 between the Plaintiff and the Defendant, the Plaintiff disputed the Account.

32. During the telephone call / conversation on January 23, 2012 between the Plaintiff and the Defendant the Plaintiff stated: Its disputed.

33. During the telephone call / conversation on January 23, 2012 between the Plaintiff and the Defendant the Plaintiff stated: I dispute it.

34. During the telephone call / conversation on January 23, 2012 between the Defendant and the Plaintiff the Defendant represented to the Plaintiff that she needed to have a reason to dispute the Account.

35. The Defendant's representation listed in paragraph 34 is false and is a false representation in connection with the collection of a debt, the Account.

36. During the telephone call / conversation on January 23, 2012 between the Plaintiff and the Defendant the Plaintiff stated: I don't know if I owe it or not.

37. During the telephone call / conversation on January 23, 2012 between the Defendant and the Plaintiff the Defendant while attempting to collect the Account represented to the Plaintiff that just saying that she disputes the Account is not good enough and that her dispute of the Account had to be in writing to the Defendant.

38. The Defendant's representations listed in paragraph 37 were false and were false representations in connection with the collection of a debt, the Account.

39. The Plaintiff disputed the Account with the Defendant in January 2012.

40. The Defendant was aware that the Account was disputed in January 2012.

41. Prior to February 2012 the Plaintiff disputed the Account with the Defendant.

42. Prior to February 2012 the Defendant was aware that the Account was disputed.

43. Prior to February 2012 the Defendant was informed that the Account was disputed.

44. Prior to February 2012 the Defendant was aware that in January 2012 the Plaintiff disputed the Account.

45.  Prior to February 2012 the Defendant was aware that in January 2012 the Plaintiff stated to the Defendant during a telephone call with the Defendant regarding the Account: "Its disputed" and "I don't know if I owe it or not".

46.  In February 2012 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

47.  See attached **Exhibit 1**, which is 2 redacted pages of the Plaintiff's Transunion Credit Report dated June 27, 2012 including page 1 identifying it as the Plaintiff's Transunion credit report and page 6 which contains the Defendant's entry on the credit report for the Account.

48.  In February 2012 the Defendant communicated to Transunion that the balance on the Account was: $550.

49.  On or before February 2012 the Defendant communicated to Transunion that the Original Creditor on the Account was: COMCAST (Retail).

50.  In February 2012 the Defendant failed to communicate to Transunion that the Account was disputed.

51.  In February 2012 the Defendant did not communicate to Transunion that the Account was disputed.

52.  After January 23, 2012 and on or before February 1, 2012 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

53.  After January 23, 2012 and on or before February 1, 2012 the Defendant communicated to Transunion that the balance on the Account was: $550.

54.    After January 23, 2012 and on or before February 1, 2012 when the Defendant communicated information regarding the Account to Transunion the Defendant failed to communicate to Transunion that the Account was disputed.

55.    After January 23, 2012 and on or before February 1, 2012 when the Defendant communicated information regarding the Account to Transunion the Defendant did not communicate to Transunion that the Account was disputed.

56.    Prior to February 2012 the Defendant did not communicate to Transunion that the Account was disputed.

57.    As of July 27, 2012 the Defendant did not communicate to Transunion that the Account was disputed.

58.    The Defendant's purpose for communicating the information on the Account to Transunion was to attempt to collect the Account.

59.    The information communicated to Transunion by the Defendant in February 2012 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

60.    The information communicated to Transunion by the Defendant in February 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

61.    The information communicated to Transunion by the Defendant after January 23, 2012 and on or before February 1, 2012 on the Account

conveyed information regarding the Account directly or indirectly to Transunion.

62. The information communicated to Transunion by the Defendant after January 23, 2012 and on or before February 1, 2012 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

63. The only reason that the Defendant communicated the information regarding the Account in February 2012 to Transunion was to attempt to collect the Account.

64. The only reason that the Defendant communicated the information regarding the Account after January 23, 2012 and on or before February 1, 2012 to Transunion was to attempt to collect the Account.

65. Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

66. Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

67. Upon information and belief in 2012 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

68. Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

69.    Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

70.    Upon information and belief in 2012 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

71.    Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

72.    Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

73.    Upon information and belief in 2012 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

74.    The telephone call(s) / conversation(s) on January 23, 2012 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

75.    The telephone call(s) / conversation(s) on January 23, 2012 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

76.   On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff on January 23, 2012.

77.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff on January 23, 2012.

78.   On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

79.   On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

80.   On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

81.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

82.   On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior

to the filing of the instant action substantiate the Plaintiff's allegations in this action.

83. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account.

84. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account in February 2012.

85. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account prior to February 2012.

86. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account after February 2012.

87. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(8) and e(10).

88. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

89. Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a

debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

90.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

91.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

92.   As a consequence of the Defendant's action(s), the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

93.   The previous paragraphs are incorporated into this Count as if set forth in full.

94.   The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(8), e(10) and § 1692f preface.

95.   Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const.
amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.     Judgment in favor of the Plaintiff and against the Defendant.

2.     Damages pursuant to 15 U.S.C. § 1692k(a).

3.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff